# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:22-cv-20051-JPM-atc |
| v. ) | |
| ) | |
| COURTNEY TRENELL, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is the Report and Recommendation of United States Magistrate Judge Annie T. Christoff, filed on November 22, 2022 (ECF No. 39), with respect to Defendant Courtney Trenell's Motion to Suppress. (ECF No. 21.) Defendant's Motion to Suppress was filed on August 15, 2022. (Id.) The United States of America (the "Government") filed a Response in Opposition to Defendant's Motion to Suppress on September 7, 2022. (ECF No. 32.) The Magistrate Judge held a bifurcated hearing on Defendant's Motion to Suppress on September 27, 2022 and October 13, 2022. (ECF Nos. 33, 34.) The Magistrate Judge recommends that the Court deny Defendant's Motion. (ECF No. 39 at PageID 84.) Defendant filed untimely objections to the Magistrate's Report and Recommendation on January 9, 2023. (ECF No. 46.)[1] The Government filed a Response to Defendant's Objections on January 18, 2023. (ECF No. 48.)

---

[1] Defendant's objections were originally due by December 6, 2022, but the Court granted Defendant's Motion to Extend Deadline (ECF No. 41) on that day. The Court granted a subsequent Oral Motion for an Extension of Time, extending the deadline to January 6, 2023. (ECF No. 44.)

Upon de novo review, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. Accordingly, Defendant's Motion to Suppress is **DENIED**.

I. **BACKGROUND**

This suppression hearing stems from a Memphis Police Department surveillance operation undertaken by Detective Stephen Westrich ("Detective Westrich"). (ECF No. 39 at PageID 84.) Detective Westrich testified that he observed what he believed to be a hand-to-hand drug transaction by an individual with a gun. (Id.) He radioed other task force officers, among whom were Officer Bartlett and Detective Laine. (Id. at PageID 85–86.) Defendant was arrested during this operation. (Id. at PageID 87.) Defendant was ultimately indicted by a federal grand jury and charged with knowingly possessing a firearm while having previously been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.)

As discussed *infra,* the Court **ADOPTS** the Proposed Findings of Fact of the Magistrate Judge.

II. **LEGAL STANDARD**

*A. Standard of Review*

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ.

P. 72(b)(3).  The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error.  See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless").  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  Howard, 932 F.2d at 509.  Moreover, the "failure to properly file objections constitutes a waiver of appeal."  See id. at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### III.   ANALYSIS

*A. Timeliness of Objections*

"A failure to file timely objections not only waives the right to de novo review of a Magistrate's Report and Recommendation, but dispenses with the need for the district court to conduct any review."  Jones v. Warden, Ross Corr. Inst., No. 2:11-CV-0871, 2013 WL 6230365, at *2 (S.D. Ohio Dec. 2, 2013).  A court may, but need not, excuse noncompliance with the deadline to file objections.  Id.

The Court granted Defendant two extensions of time in which to file objections.  (See ECF Nos. 41, 44.)  The Defendant still filed objections to the instant Report and Recommendation past that extended deadline.  (See generally ECF No. 46.)  However, the Government did not object to Defendant's late filing of his objections.  (See generally ECF No. 48.)  The Court will therefore elect to proceed to a review of Defendant's objections.

*B. Objections to the Magistrate's Findings of Fact*

Defendant objects to the Magistrate Judge's characterization of Detective Westrich's

3

testimony. (ECF No. 46 at PageID 250.) The Magistrate Judge wrote that "Detective Westrich saw an individual engage in a hand-to-hand transaction." (Id.) The Detective testified that he saw "an individual that *appeared* to make a hand-to-hand transaction." (ECF No. 43 at PageID 200 (emphasis added).) The Magistrate Judge did write that Detective Westrich "did not actually see any drugs or money exchanged," and credited Detective Westrich's account of the hand-to-hand transaction on the basis of his experience. (ECF No. 39 at PageID 85.) The Magistrate Judge adequately addressed this factual issue in her Report and Recommendation. Defendant's objection is **OVERRULED**.

Defendant objects that the Magistrate Judge "minimized" Detective Laine's "approach to the scene and actions." (ECF No. 46 at PageID 251.) The Magistrate Judge described Detective Laine as "encounter[ing] another individual and pat[ting] him down" and approaching multiple cars and trying their handles "to see if they [were] unlocked." (ECF No. 39 at PageID 87.) Defendant argues that this description does not reflect the Detective's actions in "randomly walking from vehicle to vehicle, trying handles to see if they were unlocked" and "approach[ing] and attempt[ing] to enter to enter another SUV." (ECF No. 46 at PageID 251.) The Magistrate Judge adequately addressed this factual issue in her Report and Recommendation. Defendant's objection is **OVERRULED**.

Defendant objects that the Magistrate Judge's "proposed finding of facts fails to relay that the reports [of the detectives] did not mention any allegation of a hand-to-hand transaction as a reason for a stop or search." (ECF No. 46 at PageID 252.) The Magistrate Judge addressed this factual issue, although she did not mention that the reports of the *detectives* did not mention the hand-to-hand transaction. (ECF No. 39 at PageID 92.) Instead, she characterizes Defendant's argument, more generally, as being that "the officers' testimony was incomplete

4

and contradictory." (Id.) The credibility determinations of the Magistrate Judge are entitled to deference, and the Magistrate Judge thoroughly considered this issue. (See Section III.C., Credibility Objection, *infra*.) Defendant's objection is **OVERRULED**.

Finally, Defendant objects that the Magistrate Judge "left out" the fact that "the officers do not say to each other on video that there was a call about a hand-to-hand transaction or drug-dealing, but only mention an alleged firearm." (ECF No. 46 at PageID 252.) The Magistrate Judge addressed this factual issue, although she did not specifically note that *video footage* did not contain a mention of drug dealing. (ECF No. 39 at PageID 92.) Instead, she characterizes Defendant's argument, more generally, as contending that "the officers' testimony was incomplete and contradictory." (Id.) She also credits the testimonies of Detective Laine and Officer Barrett regarding the radio transmission. (Id. at PageID 92–93.) The credibility determinations of the Magistrate Judge are entitled to deference, and the Magistrate Judge thoroughly considered this issue. (See Credibility Objection *infra*.) Defendant's objection is **OVERRULED**.

Upon de novo review, the Proposed Findings of Fact are **ADOPTED** as the finds of fact of the Court.

*C. Credibility Objection*

Defendant's remaining objections center on the Magistrate Judge's credibility determinations regarding the witnesses who testified during the suppression hearing. Defendant objects that the "unrecorded, undocumented observation[s]" of Officer Westrich should be discounted. (Id. at PageID 256.) He also notes that Detective Laine and Officer Bartlett testified that a "radio broadcast mentioned a possible hand-to-hand transaction," which was not recorded in police paperwork. (Id.) Defendant states that the "Court is faced with a judgment call about

5

what version of events it finds credible." (Id. at PageID 254.)

The Magistrate Judge's credibility determinations are entitled to deference. United States v. Davis, No. 1:21-CR-110, 2022 WL 2438843, at *2 (E.D. Tenn. July 5, 2022) (noting that the Magistrate Judge's "credibility determination is entitled to deference because [s]he was in the best position to observe and hear [an officer's] testimony and assess [their] demeanor at the suppression hearing"). "We find no reason to substitute our judgment for the credibility determination of the magistrate judge who had the opportunity to observe [the law enforcement officers'] testimony and assess [their] demeanor on the witness stand." Moss v. Hofbauer, 286 F.3d 851, 868 (6th Cir. 2002); see also United States v. Bradshaw, 102 F.3d 204, 210 (6th Cir. 1996) ("Because [the Magistrate Judge] was in the best position to judge credibility, and because that Court plausibly resolved the discrepancies in the testimony, its findings of fact should not be disturbed."). The Court has examined the transcript of the suppression hearing and reviewed the Magistrate Judge's explanation for her finding that the law enforcement officers presented credible testimony. Upon de novo review, Defendant's objection is **OVERRULED**.

### IV.    CONCLUSION

Upon de novo review, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. Accordingly, Defendant's Motion to Suppress is **DENIED**.

**SO ORDERED**, this 13th day of February, 2023.

                /s/ Jon P. McCalla
                JON P. McCALLA
                UNITED STATES DISTRICT JUDGE